Max L. STEED, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13288.

Court of Criminal Appeals of Oklahoma.

Nov. 21, 1962.

## 524

Max L. Steed, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

This is an appeal by transcript from a judgment and sentence of the District Court of Tulsa County, entered against Max L. Steed, defendant below, for the Offense of Armed Robbery, after the defendant entered a plea of guilty.

This cause was set for oral argument on the 17th day of October, 1962, and the defendant having waived oral argument, the case was submitted on the record.

As grounds for reversal, the defendant urges that he was induced to enter a plea of guilty by his attorney upon the representation that if he proceeded to trial and was found guilty, he would receive a greater sentence than that which the court would impose upon a plea of guilty.

He further argues, that as a result of his incompetency, the Federal District Court dismissed Federal Charges against him on the 8th day of January, 1962, four months prior to the time he entered the plea of guilty to the charge of Armed Robbery in the instant case, and that said adjudication by the Federal Court is binding upon the State Court. Further, that at the time he entered the plea of guilty, hereinbefore referred to, he was incapable of entering any plea; therefore, that the court was without authority to pronounce the judgment and sentence entered against him.

The defendant further asserts that prior to entering the plea of guilty he had been committed to the State Mental Hospital at Vinita for observation and returned to the District Court of Tulsa County.

■ There is nothing contained in the record before us to corroborate any of the assignments of error upon which the defendant seeks reversal of this cause. This Court has repeatedly held:

> "On appeal by transcript, Court of Criminal Appeals is limited to consideration of errors appearing on face of record, of a fundamental nature, and will not decide questions which cannot be correctly determined without aid of testimony." Jones v. State, Okl.Cr., 371 P.2d 738.

Moreover, the defendant's assertion of incompetency seems to this writer ill-found-

ed when we consider that the defendant perfected this appeal while confined in the State Penitentiary at McAlester, Oklahoma, without the aid of counsel.

His brief, written in long hand, while not equal to the quality of an attorney experienced in the law, nevertheless, displays an intelligence that negates incompetency sufficient to rendering one incapable of entering a plea.

We have carefully examined the record before us in accordance with Jones v. State, supra, and are of the opinion that it does not contain error sufficient in law to justify reversal. The judgment and sentence appealed from is accordingly

Affirmed.

NIX, P. J., and BRETT, J., concur.